T.C. Memo. 2014-220

UNITED STATES TAX COURT

C. LYNN MOSES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1710-12L.                    Filed October 20, 2014.

C. Lynn Moses, pro se.

Kimberly L. Clark, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Pursuant to section 6330(d)(1),[1] petitioner seeks review

of respondent's determination to proceed with collection by levy of his unpaid

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect at all relevant times, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

[*2] Federal income tax for 1999-2002.  The issues for decision as to the years in issue are:  (1) whether petitioner failed to report gross income; (2) whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654(a); and (3) whether respondent abused his discretion in sustaining the proposed levy action.

FINDINGS OF FACT

I.     Background

Petitioner did not file Federal income tax returns for 1999-2002.  Consequently, the Internal Revenue Service (IRS) prepared a substitute for return (SFR) for each year based on a bank deposit analysis of an account petitioner maintained at Key Bank during the years at issue.[2]  A revenue agent obtained the account's records through a third-party summons and determined on the basis of those records that petitioner was engaged in a real estate trade or business and that petitioner had failed to report income from his business for the years at issue.  The revenue agent also determined that petitioner had failed to report his shares of his wife's community income.

---

[2]  Before trial, a revenue agent met with petitioner to review respondent's bank deposit analyses.  As a result of this discussion, respondent conceded at trial and on brief that the deficiencies should be reduced by $3,374, $238, and $138 for 1999, 2000, and 2001, respectively.  Respondent also conceded that petitioner is not liable for an addition to tax under sec. 6654 for 1999.

**[*3]** On August 8, 2005, respondent mailed copies of a notice of deficiency for the years at issue to each of three addresses that the IRS had on file for petitioner. One of the addresses was petitioner's last known address. However, all three notices were returned to respondent as "unclaimed". Petitioner did not file a petition with the Court contesting the deficiency determinations, and on November 23, 2005, the IRS assessed petitioner's tax liabilities for the years at issue. On November 23, 2005, and on January 2, 2006, the IRS also assessed additions to tax for the years at issue.

## II.     Petitioner's Collection Due Process Appeal

Petitioner failed to pay the assessed tax liabilities, and on July 14, 2011, the IRS sent petitioner Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing. On August 10, 2011, the IRS received petitioner's timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing.[3] On that Form 12153 petitioner requested a face-to-face hearing and stated his intent to audio record the hearing. Petitioner also stated that he planned to: (1) verify that the IRS had followed proper procedures; (2) challenge the tax liabilities and accrued penalties; and (3) discuss collection alternatives if it could

---

[3] Petitioner requested a collection due process (CDP) hearing with respect to his unpaid tax liabilities for 1999-2002.

[*4] be proven that petitioner owed the tax. On October 6, 2011, the IRS' Office of Appeals (Appeals) mailed petitioner a letter informing him that his case had been received for consideration.

Settlement Officer Eric D. Edwards (Settlement Officer Edwards) was assigned petitioner's case. On October 12, 2011, Settlement Officer Edwards mailed petitioner a letter scheduling a telephone CDP hearing for November 15, 2011. In the letter, Settlement Officer Edwards instructed petitioner to submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and signed tax returns for tax years 2003-10 by November 10, 2011. Petitioner failed to submit the requested documentation by the deadline. On November 15, 2011, Settlement Officer Edwards attempted to call petitioner for the scheduled CDP hearing, but petitioner's telephone number had been disconnected. IRS records showed no other known telephone number for petitioner.

The same day, Settlement Officer Edwards mailed petitioner a letter offering him another opportunity for a telephone CDP hearing. Settlement Officer Edwards instructed petitioner to submit by November 30, 2011, a completed Form 433-A, copies of personal bank statements, signed tax returns for tax years 1999-2010, and proof that estimated tax payments had been paid in full. Settlement

**[\*5]** Officer Edwards also informed petitioner that Appeals would not entertain frivolous issues and that audio recordings are allowed only in face-to-face hearings. Petitioner did not call the number provided by Settlement Officer Edwards and failed to submit the requested documentation by the deadline. Instead, petitioner mailed Settlement Officer Edwards a letter dated December 1, 2011, requesting a copy of the rules that govern CDP hearings and insisting on a face-to-face hearing. In the letter, petitioner questioned why Settlement Officer Edwards had requested tax returns for tax years 1999-2010, as petitioner did not "want to give up information that is not necessary or required by the law." During the course of the CDP hearing, petitioner did not propose any collection alternative.

On December 14, 2011, the IRS issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the proposed levy.[4] Petitioner, while residing in Idaho, timely petitioned this Court for review of the notice of determination.

---

[4] Before the notice of determination was issued, Settlement Officer Edwards verified that all legal and administrative requirements for collection had been met.

**[*6]**                                            OPINION

I.      Statutory Framework

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for tax if the taxpayer fails to pay the tax within 10 days after notice and demand for payment is made.  Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.

If a taxpayer requests a hearing in response to a notice of levy pursuant to section 6330, a hearing shall be held before an impartial officer or employee of Appeals.  Sec. 6330(b)(1), (3).  At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).  A taxpayer is precluded from contesting the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an earlier opportunity to dispute the liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).  The phrase "underlying tax liability" includes the tax deficiency, additions to tax, and statutory interest.  Katz v. Commissioner, 115 T.C. 329, 339 (2000).

**[\*7]** Following a hearing Appeals must determine whether proceeding with the proposed levy action is appropriate. In making that determination Appeals is required to take into consideration: (1) verification presented by the Secretary during the hearing process that the requirements of applicable law and administrative procedure have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3).

Section 6330(d)(1) grants this Court jurisdiction to review the determination made by Appeals in connection with the section 6330 hearing. Where the validity of the underlying tax liability is properly at issue, we review the taxpayer's liability de novo. See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000). Petitioner bears the burden of proof regarding his underlying tax liabilities. See Rule 142(a). Where the underlying tax liability is not properly at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.

**[*8]** II.       Petitioner's Challenge to His Underlying Tax Liabilities

      A.       Petitioner's Right to Challenge Underlying Liabilities

Section 6330(c)(2)(A) permits a taxpayer to raise any relevant issue relating to the unpaid tax or the proposed collection method. If the taxpayer seeks Tax Court review of the notice of determination, the Court can consider only an issue that was properly raised in the CDP hearing. Sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue will not be considered properly raised if the taxpayer fails to request consideration of the issue or requests consideration but does not present evidence to Appeals after being given a reasonable opportunity to do so. Id. On Form 12153, petitioner disputed the underlying liabilities. However, there is nothing in the record to show that petitioner provided any evidence to Settlement Officer Edwards to dispute the liabilities. Even though petitioner has no right to have this issue considered in this proceeding, we choose to do so here for the sake of completeness.

      B.       Validity of the Underlying Liabilities

            1.       Deficiency

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering,

[*9] 290 U.S. 111, 115 (1933). In the Court of Appeals for the Ninth Circuit, to which an appeal of this case presumably would lie absent a stipulation to the contrary, see sec. 7482(b)(1)(A), (2), the presumption of correctness does not attach in cases involving unreported income unless the Commissioner first establishes an evidentiary foundation linking the taxpayer to the alleged income-producing activity, see Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977). The requisite evidentiary foundation is minimal and need not include direct evidence. See Banister v. Commissioner, T.C. Memo. 2008-201, aff'd, 418 Fed. Appx. 637 (9th Cir. 2011).

Once the Commissioner produces evidence linking the taxpayer to an income-producing activity, the burden shifts to the taxpayer "to rebut the presumption of correctness of * * * [the Commissioner's] deficiency determination by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous." Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989); see also Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.

For each of the years at issue, respondent reconstructed petitioner's income using the bank deposit method. "The use of the bank deposit method for computing income has long been sanctioned by the courts." Estate of Mason v.

**[\*10]** <u>Commissioner</u>, 64 T.C. 651, 656 (1975), <u>aff'd</u>, 566 F.2d 2 (6th Cir.1977). "A bank deposit is prima facie evidence of income and * * * [the Commissioner] need not prove a likely source of that income." <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986) (citing <u>Estate of Mason v. Commissioner</u>, 64 T.C. at 656-657).

Respondent has established the requisite minimal evidentiary foundation linking petitioner with an income-producing activity by introducing evidence that he was engaged in a real estate trade or business and earned income from his business during the years at issue. Therefore, petitioner bears the burden of proving that respondent's deficiency determinations are arbitrary or erroneous. Petitioner was given ample opportunity to provide evidence both before and at trial. Petitioner, however, offered no testimony or other evidence. At trial petitioner neither showed nor claimed that the bank deposits were nontaxable. Consequently, petitioner has failed to rebut the presumption that respondent's determinations are correct. Accordingly, we sustain respondent's determinations as to petitioner's underlying tax liabilities for 1999-2002 except for those amounts respondent conceded.

**[*11]**      2.      <u>Additions to Tax</u>

         a.      <u>Burden of Proof and Production</u>

Section 7491(c) provides that the Commissioner bears the burden of production with respect to the liability of any individual for additions to tax. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount". <u>Swain v. Commissioner</u>, 118 T.C. 358, 363 (2002); <u>see also</u> <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). If a taxpayer files a petition alleging some error in the determination of an addition to tax or penalty, the taxpayer's challenge generally will succeed unless the Commissioner produces evidence that the addition to tax or penalty is appropriate. <u>Swain v. Commissioner</u>, 118 T.C. at 364-365. The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause. <u>Higbee v. Commissioner</u>, 116 T.C. at 446-447.

         b.      <u>Section 6651(a)(1)</u>

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not willful neglect. Petitioner did not file a tax return for any of the years at issue.

[*12] Petitioner has not argued that his failure to file was due to reasonable cause and not due to willful neglect. We therefore hold that petitioner is liable for section 6651(a)(1) additions to tax for 1999-2002.

c.      Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount shown as tax on a return, unless the taxpayer can establish that such failure is due to reasonable cause and not willful neglect. The Commissioner's burden of production requires him to introduce evidence that the tax was shown on a Federal income tax return. Cabirac v. Commissioner, 120 T.C. 163 (2003). When a taxpayer has not filed a return, the section 6651(a)(2) addition to tax may not be imposed unless the Secretary has prepared an SFR that meets the requirements of section 6020(b). Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

Petitioner failed to timely pay his tax liabilities for the years at issue. Respondent introduced into evidence the SFRs he prepared for the years at issue, thereby satisfying his burden of production. Petitioner has offered no evidence indicating that his failures to pay were due to reasonable cause and not willful neglect. We therefore hold that petitioner is liable for section 6651(a)(2) additions to tax for 1999-2002.

**[*13]**           d.     Section 6654(a)

Section 6654(a) imposes an addition to tax "in the case of any underpayment of estimated tax by an individual". A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year. Sec. 6654(d). A required annual payment generally is equal to the lesser of (1) 90% of the tax shown on the return for the taxable year (or, if no return is filed, 90% of the tax for such year) or (2) if the individual filed a return for the immediately preceding taxable year, 100% of the tax shown on that return. Sec. 6654(d)(1)(B); Wheeler v. Commissioner, 127 T.C. at 210-211; Heers v. Commissioner, T.C. Memo. 2007-10. Respondent conceded that petitioner is not liable for an addition to tax under section 6654(a) for 1999. Thus, respondent's burden of production under section 7491(c) requires him to produce evidence that petitioner had required annual payments for 2000-2002 under section 6654(d).

Petitioner made no payments of estimated tax for any of the years at issue. Respondent established that petitioner had a required annual payment for each of the years 2000-2002. Petitioner did not file Federal income tax returns for the years at issue. Therefore, petitioner's required annual payments for 2000-2002 were equal to 90% of the tax for those years.

[*14] Petitioner has not argued that any of the exceptions to the section 6654(a) addition to tax applies. We therefore hold that petitioner is liable for section 6654(a) additions to tax for 2000-2002.

III.     Determination To Sustain the Proposed Levy Action

We now turn to respondent's determination to proceed with collection, which we review under an abuse of discretion standard. Appeals abuses its discretion if it acts "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999). Acting without a sound basis in fact or law means that an agency such as the IRS "makes an error of law * * * or rests its determination on a clearly erroneous finding of fact * * * [or] applies the correct law to facts which are not clearly erroneous but rules in an irrational manner." United States v. Sherburne, 249 F.3d 1121, 1125-1126 (9th Cir. 2001) (citations omitted); see also Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 402-403 (1990).

Petitioner contends that Settlement Officer Edwards abused his discretion in refusing to conduct a face-to-face CDP hearing. We disagree. This Court has held that a face-to-face hearing is not required under section 6330. Katz v. Commissioner, 115 T.C. at 337-338; Williamson v. Commissioner, T.C. Memo. 2009-188; Stockton v. Commissioner, T.C. Memo. 2009-186; Leineweber v.

[*15] Commissioner, T.C. Memo. 2004-17.  We have also held that an Appeals officer's denial of a face-to-face hearing does not constitute an abuse of discretion where a taxpayer fails to present nonfrivolous arguments and refuses to provide requested financial information.  See Zastrow v. Commissioner, T.C. Memo. 2010-215; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 Fed. Appx. 675 (10th Cir. 2010); Summers v. Commissioner, T.C. Memo. 2006-219.  The regulations further provide that if a face-to-face hearing is not held, a hearing conducted by telephone, by correspondence, or by review of documents will suffice for purposes of section 6330(b).  See sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

The record demonstrates that a face-to-face hearing would not have been productive.  Petitioner was given an opportunity to participate in a telephone CDP hearing on two separate occasions but failed to take advantage either time.  Outside of petitioner's argument that he had not received a notice of deficiency for the years at issue, he presented only frivolous and groundless arguments throughout his dealings with respondent.  Additionally, petitioner, although requested to do so on several occasions, failed to submit requested financial documentation (i.e., Form 433-A) and file past-due returns.  Thus, Settlement

**[\*16]** Officer Edwards did not abuse his discretion in determining petitioner was not entitled to a face-to-face hearing.

Settlement Officer Edwards considered all other issues petitioner raised. Petitioner did not offer a collection alternative to be considered. However, even if he had, petitioner failed to provide financial documentation, rendering Settlement Officer Edwards unable to evaluate collection alternatives. See Roman v. Commissioner, T.C. Memo. 2004-20; Rodriguez v. Commissioner, T.C. Memo. 2003-153. Furthermore, Settlement Officer Edwards determined that the requirements of applicable law and administrative procedure were met. Finally, at trial, petitioner offered no evidence that respondent's decision to sustain the proposed levy action constituted an abuse of discretion. Accordingly, we hold that respondent did not abuse his discretion in sustaining the proposed levy.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.