**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEVEN R. RADER,

      Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

_____

VIVIAN L. RADER,

      Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 15-9000
(Tax Ct. Nos. 11476-11 & 27722-11)
(Petition for Review)

No. 15-9001
(Tax Ct. No. 11409-11)
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **GORSUCH**, Circuit Judges.
_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Steven Rader came to the Internal Revenue Service's attention after he purchased materials from a well-known tax protestor who was in the business of deliberately evading the tax laws and helping others do the same. In the end, the United States Tax Court determined that Mr. Rader was liable for unpaid taxes and penalties of nearly a million dollars.

Mr. Rader's spouse, Vivian, seeks to appeal this result. But the Tax Court did not find any liability on her part. Neither is there any evidence in this record, as she asserts, suggesting that the judgment against Mr. Rader created clouds on titles to properties the Raders sold many years ago. Despite being challenged to do so in this appeal, then, Ms. Rader has not identified any personal and direct injury she suffered from the judgment below. And without that she lacks standing to appeal. *United States v. Ramos*, 695 F.3d 1035, 1046 (10th Cir. 2012).

To be sure, Mr. Rader also seeks to overturn the Tax Court's decision and he has standing to do so. But even construing his *pro se* complaint liberally and reviewing the Tax Court's application of law *de novo* and its findings of facts for clear error, we can find no fault with the Tax Court's disposition. *See Mitchell v. Comm'r*, 775 F.3d 1243, 1246 (10th Cir. 2015). For example, Mr. Rader contends that the substitute returns the Commissioner rendered in place of his own were defective. But Mr. Rader has failed to show how the returns were invalid under 26 U.S.C. § 6020, which specifies when and how the IRS may prepare substitute returns. Mr. Rader argues he was entitled to a credit for money withheld and remitted to the IRS from the proceeds of real estate sales. But we can find no flaw in

2

the Tax Court's analysis explaining why the money withheld may not be credited under 26 U.S.C. § 6211(b)(1).  Mr. Rader seems to take issue with several of the Tax Court's evidentiary rulings, including in response to his Fifth Amendment objection.  But he offers few record citations that might allow this court to identify and consider his complaints in a meaningful way and, beyond that, he offers only conclusory arguments that are themselves insufficient to facilitate review by this court.  *See, e.g.*, *United States ex rel. Boothe v. Sun Healthcare Grp., Inc.*, 496 F.3d 1169, 1175 (10th Cir. 2007).  Finally, Mr. Rader has forfeited his argument that the Notice of Deficiency was itself defective, for he failed to raise this argument in the Tax Court in the first instance.  *See Mitchell*, 775 F.3d at 1248 n.3.

Beyond his challenge to the merits of the Tax Court's disposition, Mr. Rader challenges its decision to sanction him under 26 U.S.C. § 6673(a)(1).  But here again Mr. Rader fails to offer this court any reasoned ground on which it might hold the Tax Court abused its discretion when determining that his arguments on the merits were largely frivolous.

Ms. Rader's appeal (15-9001) is dismissed for lack of jurisdiction.  The judgment against Mr. Rader (15-9000) is affirmed.

Entered for the Court

Neil M. Gorsuch
Circuit Judge

3