T.C. Memo. 2017-209

UNITED STATES TAX COURT

STEVEN R. RADER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11655-14.                              Filed October 23, 2017.

Steven R. Rader, pro se.

<u>Miles B. Fuller</u>, <u>Luke D. Ortner</u>, <u>Thomas G. Hodel</u>, and <u>Matthew A. Houtsma</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ASHFORD, <u>Judge</u>:  Respondent determined a deficiency of $9,824 in petitioner's Federal income tax and additions to tax pursuant to sections 6651(a)(1) and (2) and 6654 of $2,210, $1,621, and $211, respectively, for the

[*2] 2010 taxable year.[1] The issues for decision are whether petitioner had unreported self-employment income of $42,918 and whether petitioner is liable for the additions to tax. We resolve all issues in favor of respondent and also sanction petitioner under section 6673(a).

FINDINGS OF FACT

Some of the facts have been stipulated or deemed admitted for purposes of this case.[2] The stipulation of facts, respondent's request for admissions, and the exhibits received in evidence are incorporated herein by this reference. Petitioner resided in Colorado at the time the petition was filed with the Court.

Petitioner was the sole owner and operator of Steve Rader Plumbing, a sole proprietorship, for the 2010 taxable year. He did not, though, consider himself a plumber but as someone engaged in many different trades, such as plumbing, electrical work, handyman work, and automobile repair work, having engaged in such trades for the past 30 to 40 years.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Some monetary amounts are rounded to the nearest dollar.

[2]Petitioner failed to respond to respondent's request for admissions filed on March 11, 2015. Accordingly, the requested admissions are deemed admitted. See Rule 90(c).

**[\*3]**  During 2010 petitioner received payments of $4,066 and $38,852 from Diamond T. Ranch, LLC (Diamond Ranch), and Timberline Framers, Inc. (Timberline Framers), respectively.  These payments were compensation for services petitioner rendered to them in his capacity as a self-employed independent contractor.

However, petitioner did not file a Federal income tax return and did not make any Federal tax payments for 2010.  Respondent received information return documents from Diamond Ranch and Timberline Framers reporting that petitioner during that year had received the aforementioned payments from them as nonemployee compensation and that no Federal income tax or Federal employment tax was withheld from those payments.  Using this information, respondent prepared a substitute for return for petitioner for 2010 pursuant to section 6020(b) (2010 SFR).  The 2010 SFR included as income, i.e., nonemployee compensation, the aforementioned payments and allowed a standard deduction for a single filer and one exemption.

On February 18, 2014, respondent issued a notice of deficiency to petitioner based on the 2010 SFR, determining that he (1) had self-employment income of $42,918; (2) was liable for an income tax deficiency of $9,824; and (3) was liable

**[\*4]** for additions to tax under sections 6651(a)(1) and (2) and 6654 of $2,210, $1,621, and $211, respectively.

Petitioner timely petitioned this Court for redetermination of the deficiency and the additions to tax. In his petition, petitioner challenged the notice of deficiency "in its entirety: its form, substance, and the amounts", including that the 2010 SFR was a "valid 6020(b) return". Petitioner, however, did not assign any error as required by Rule 34(b)(4) to respondent's determinations that he had self-employment income and that he was liable for the additions to tax.

OPINION

I.    Burden of Proof

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, for the presumption of correctness to adhere in unreported income cases such as this, the Commissioner's deficiency determination must be supported by "some evidentiary foundation" linking the taxpayer to an income-producing activity or demonstrating that the taxpayer actually received unreported income. See Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), aff'g T.C. Memo. 1991-636; Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g

**[*5]** 67 T.C. 672 (1977); see also United States v. McMullin, 948 F.2d 1188, 1192 (10th Cir. 1991).  The requisite evidentiary foundation is minimal and need not include direct evidence.  See Moses v. Commissioner, T.C. Memo. 2014-220.  Once the Commissioner produces evidence linking the taxpayer to an income-producing activity or demonstrating that the taxpayer received unreported income, the presumption of correctness applies and it becomes the taxpayer's burden to establish that the Commissioner's determination is arbitrary or erroneous.[3]  Blohm v. Commissioner, 994 F.2d at 1549.

The Commissioner bears the burden of production with respect to the additions to tax under sections 6651 and 6654, see sec. 7491(c), but the taxpayer bears the burden of proving that the Commissioner's determinations with respect to the additions to tax are incorrect, see Wheeler v. Commissioner, 127 T.C. 200, 207-208 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

## II.    Unreported Self-Employment Income

Section 61(a) defines gross income as "all income from whatever source derived", including "[c]ompensation for services".  Self-employment income is income arising from the performance of personal services where an

---

[3]Petitioner does not otherwise contend that the burden of proof should shift to respondent under sec. 7491(a) as to any relevant issue of fact, nor has he established that the requirements for shifting the burden of proof have been met.

**[\*6]** employer-employee relationship does not exist between the payor and the payee.  Secs. 1401 and 1402.  Section 1401 imposes an additional tax on an individual's self-employment income for any taxable year.

The record establishes, and petitioner does not dispute, that he received a total of $42,918 in compensation for services he provided to Diamond Ranch and Timberline Framers during 2010 and that he was not an employee of either entity during that year.  Thus, respondent has met the minimal evidentiary foundation with respect to the unreported self-employment income, and the burden was on petitioner to prove that respondent's determination as to the unreported self-employment income was arbitrary or erroneous.  See Tucker v. Commissioner, T.C. Memo. 2014-51 (Commissioner satisfied requisite evidentiary foundation by relying on deemed admissions and deemed stipulation of facts); see also Hardy v. Commissioner, 181 F.3d 1002, 1005 (9th Cir. 1999) (evidentiary foundation satisfied when the taxpayer's employer reported the taxpayer's income to the Commissioner), aff'g T.C. Memo. 1997-97.

Petitioner attacks on nonsubstantive grounds the propriety of the 2010 SFR and, accordingly, the issuance of the notice of deficiency, which was based on the 2010 SFR.  Petitioner argues that the 2010 SFR was invalid because "[n]owhere in the documentation of this case has the respondent identified a taxing statute."

**[\*7]** Petitioner also argues that the 2010 SFR was invalid because it was not prepared on a Form 1040, U.S. Individual Income Tax Return.

Petitioner's arguments resemble ones he has previously made to, and which were rejected by, this Court and the U.S. Court of Appeals for the Tenth Circuit. See Rader v. Commissioner, 143 T.C. 376 (2014), aff'd in part, appeal dismissed in part, 616 F. App'x 391 (10th Cir. 2015). Suffice it to say, pursuant to section 6020(b), if a taxpayer fails to make a required return, the Commissioner may make a substitute for return for the taxpayer from his own knowledge or from such information obtained through testimony or otherwise, and a return so made and subscribed by the Commissioner shall be prima facie good and sufficient for all legal purposes. Sec. 6020(b)(1) and (2). And as we previously stated, to constitute a valid section 6020(b) substitute for return, "the return must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a 'return'." Rader v. Commissioner, 143 T.C. at 382 (quoting Spurlock v. Commissioner, T.C. Memo. 2003-124, slip op. at 27); see also sec. 301.6020-1(b)(2), Proced. & Admin. Regs. The 2010 SFR consisted of a Form 13496, IRC Section 6020(b) Certification; a Form 4549, Income Tax Examination Changes; and a Form 886-A, Explanations of Items. Contrary to what petitioner may

**[*8]** believe, "[t]hat combination of documents is sufficient to constitute a valid SFR under section 6020(b) * * * [and] [t]here is no requirement that a valid SFR include a Form 1040".[4]  Rader v. Commissioner, 143 T.C. at 382.  Respondent's determination with respect to petitioner's unreported income for 2010 is sustained.

III.    Additions to Tax

A.     Failure To File

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to timely file a Federal income tax return unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect.  United States v. Boyle, 469 U.S. 241, 245 (1985).

Petitioner did not file a Federal income tax return for 2010.  Respondent's records, which petitioner stipulated, show there was no Federal income tax return filed in petitioner's name for 2010.  Respondent has discharged his burden of production under section 7491(c).  Petitioner offered no evidence at trial that his failure to file was due to reasonable cause and not due to willful neglect, and on

---

[4]Petitioner also seems to take issue with the Individual Master File that the Internal Revenue Service (IRS) has maintained on him, contending that respondent's "use of a TC150 data entry" perpetrates a fraud.  Similar arguments by taxpayers alleging errors in the Individual Master File have been found to be fallacious, see Wnuck v. Commissioner, 136 T.C. 498, 509-510 (2011), and petitioner's argument is no different.

**[\*9]** brief he makes no principled defense.[5] Accordingly, we find that petitioner is liable for the addition to tax under section 6651(a)(1).

B.    Failure To Pay

Section 6651(a)(2) authorizes the imposition of an addition to tax for failure to timely pay the amount shown as tax on a Federal income tax return unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect. In this regard, the Commissioner's burden of production under section 7491(c) requires him to come forward with sufficient evidence that the tax was shown on a Federal income tax return and was not paid. See Wheeler v. Commissioner, 127 T.C. at 206; Cabirac v. Commissioner, 120 T.C. 163 (2003), aff'd without published opinion, 94 A.F.T.R.2d (RIA) 2004-5490 (3d Cir. 2004). In a case such as this where the taxpayer has not filed a Federal income tax return for the taxable year at issue, a substitute for return prepared by the Commissioner

---

[5]During the trial respondent's counsel and the Court asked petitioner on several occasions whether he had filed a Federal income tax return for 2010, and after much hemming and hawing he invoked the Fifth Amendment privilege despite a warning from the Court that we may draw a negative inference from his refusal to answer the question even if the invocation is valid. See Loren-Maltese v. Commissioner, T.C. Memo. 2012-214, slip op. at 6. In addition to the sufficient evidence in the record from which we conclude that petitioner failed to file a return for 2010, we draw such an inference, finding that petitioner's refusal to answer the question and his taking the Fifth Amendment constitutes a failure to refute that evidence (regardless of whether his invocation was justified, which it was not).

**[\*10]** that meets the requirements of section 6020(b) is treated as the "return" filed by the taxpayer for purposes of section 6651(a)(2). See sec. 6651(g); Wheeler v. Commissioner, 127 T.C. at 208-209.

As we discussed supra pp. 6-8, the 2010 SFR constitutes a valid section 6020(b) return, and the record establishes that petitioner made no Federal tax payments for 2010. Respondent thereby satisfies his burden of production. As with his failure to file a Federal income tax return for 2010, petitioner offered no evidence at trial that his failure to pay was due to reasonable cause and not due to willful neglect, and on brief he makes no principled defense. Accordingly, we find that petitioner is liable for the addition to tax under section 6651(a)(2).

C.     Failure To Pay Estimated Tax

Section 6654(a) imposes an addition to tax "in the case of any underpayment of estimated tax by an individual". The addition to tax is calculated with reference to four required installment payments of the individual's estimated tax liability. Sec. 6654(c) and (d). Each required installment payment is equal to 25% of the "required annual payment", which in turn is equal to the lesser of (1) 90% of the tax shown on the individual's return for that year (or, if no return is filed, 90% of the individual's tax for such year), or (2) if the individual filed a return for the preceding taxable year, 100% of the tax shown on the individual's

[*11] return for the preceding taxable year. Sec. 6654(d)(1)(A) and (B). In this regard, the Commissioner's burden of production under section 7491(c) requires him to produce evidence that the taxpayer had a "required annual payment", and in order to do so, he must establish the tax shown on the taxpayer's return for the previous year or that the taxpayer filed no such return. Wheeler v. Commissioner, 127 T.C. at 212; Schlussel v. Commissioner, T.C. Memo. 2013-185.

Respondent met his burden of production because the record establishes that petitioner did not file a Federal income tax return for 2009 or 2010.[6] Petitioner's "required annual payment" for 2010 thus equaled 90% of the tax due for that taxable year. The record also establishes that petitioner made no Federal tax payments for 2010. Petitioner has not argued that any of the statutory exceptions under section 6654(e) applies; indeed, he makes no principled defense. Accordingly, we find that petitioner is liable for the addition to tax under section 6654(a).

---

[6]Notwithstanding that petitioner's failure to file a Federal income tax return for 2009 is a deemed admitted fact, petitioner reserved an objection on relevance grounds to the admission of Exhibit 1-R, a signed and dated copy of Form 3050, Certification of Lack of Record, indicating that the IRS has no record of receiving a "United States Individual Income Tax Return, Form 1040" for petitioner "[r]egarding the tax period ending December 31, 2009". The Court withheld ruling on its admission at trial. The Court finds that the document is relevant, and thus petitioner's objection is overruled.

**[*12]** IV.     Frivolous Position Penalty

Section 6673(a)(1) authorizes this Court to impose on the taxpayer a penalty payable to the United States and not in excess of $25,000 whenever it appears that (1) the taxpayer has instituted or maintained proceedings primarily for delay; (2) the taxpayer's position in such proceedings is frivolous or groundless; or (3) the taxpayer unreasonably failed to pursue available administrative remedies.

At the commencement of the trial respondent raised the possibility of moving for imposition of this penalty, but he has not so moved, presumably because leading up to and throughout the trial petitioner was not uncooperative. Petitioner, however, has been sanctioned before (in 2014 and 2016) under section 6673(a) by this Court sua sponte or at the request of the Commissioner in other cases in which he has been involved for, among other things, espousing positions identical to or very similar to the ones he advances on brief in this case. See Rader v. Commissioner, 143 T.C. at 392-393 (imposing on petitioner a section 6673(a)(1) penalty of $10,000); Rader v. Commissioner, T.C. Dkt. No. 2340-16 (May 31, 2016) (order imposing on petitioner a section 6673(a)(1) penalty of $2,500). In view of the foregoing and the fact that having to deal with this matter wasted not only the Court's time but respondent's as well, we will require

[*13] petitioner to pay to the United States a penalty under section 6673(a)(1) of $2,000.[7]

We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.

---

[7]We recognize that this amount is less than the prior sec. 6673(a)(1) penalties the Court has imposed on petitioner but note that, unlike in petitioner's prior cases, respondent did not move for the Court to impose a sec. 6673(a)(1) penalty and the Court did not find it necessary to warn petitioner during or at the conclusion of the trial that we might impose such a penalty. Petitioner is on notice that if he persists in espousing frivolous positions in future cases, he will be subject to greater sanctions under sec. 6673(a)(1).