T.C. Memo. 2021-55

UNITED STATES TAX COURT

DONALD BAILEY AND SANDRA M. BAILEY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

DONALD D. BAILEY AND SANDRA M. BAILEY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 5477-14, 9393-15.[1]          Filed May 10, 2021.

Donald D. Bailey and Sandra M. Bailey, pro sese.

Alicia E. Elliott, for respondent.

_____

[1] On January 17, 2017, we consolidated these cases for trial, briefing, and opinion.

[*2]      MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  In these consolidated cases respondent determined the following deficiencies, additions to tax, and penalties:[2]

Docket No. 5477-14

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6662(a) |
|---|---|---|---|
| 2008 | $8,854 | --- | $1,771 |
| 2009 | 28,513 | $7,086 | 5,703 |
| 2010 | 47,798 | 5,208 | 9,560 |

Docket No. 9393-15

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6662(a) |
|---|---|---|---|
| 2011 | $27,386 | $6,869 | $5,477 |
| 2012 | 36,507 | --- | 7,301 |

After concessions, the issues remaining for decision are whether petitioners (1) should be relieved from their stipulation of amounts they should have reported on Schedules E, Supplemental Income and Loss, for the years in issue; (2) are entitled to deductions claimed on Schedules C, Profit or Loss from Business,

---

[2] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

**[\*3]** beyond those either allowed in the statutory notices of deficiency or since conceded by respondent; (3) are entitled to deductions claimed on Schedules A, Itemized Deductions, beyond those either allowed in the statutory notices of deficiency or since conceded by respondent; and (4) are liable for the additions to tax and penalties recomputed in accordance with the stipulation of settlement and our conclusions in this opinion.

Mrs. Bailey did not appear for trial and was held in default with the understanding that she would receive the same result as Mr. Bailey after trial. We therefore refer to Mr. Bailey in discussing the trial proceeding.

FINDINGS OF FACT

Some of the facts have been stipulated and are incorporated in our findings by this reference. Petitioners resided in Arizona when they filed their petitions in these cases.

I. Background

A. Mr. Bailey

Mr. Bailey previously was a licensed certified public accountant (C.P.A.). His accounting practice commenced in approximately 1975. His C.P.A. license was revoked in 2004.

**[*4]** During the years in issue Mr. Bailey was an unenrolled tax return preparer. In each of those years he prepared tax returns for approximately 100 clients in an office he rented on Broadway Boulevard in Tucson, Arizona (Broadway office).

### B. Interradiology

Before and in 2007 Uwe Zink and Gary Skuro owned and operated Interradiology, LLC (LLC). Mr. Zink and Mr. Skuro were the only two members of the LLC, and each owned 50%. The LLC elected to be treated as a partnership for Federal tax purposes.

While they were members of the LLC, Mr. Zink and Mr. Skuro developed a software program for web hosting medical images that was an asset of the LLC. In 2007 Mr. Bailey assisted Mr. Zink and Mr. Skuro in creating a new entity, Interradiology, Inc. (Interradiology). Interradiology was organized under the laws of Arizona on September 24, 2007, and elected to be treated as an S corporation for Federal tax purposes. Mr. Bailey prepared and filed Forms 1120S, U.S. Income Tax Return for an S Corporation, for Interradiology for tax years 2007 through 2012. He held 10% of the shares of Interradiology during tax year 2008 and 20% during tax years 2009 through 2012.

[*5] II.  Petitioners' Tax Returns and Respondent's Determinations

Mr. Bailey prepared and filed petitioners' Forms 1040, U.S. Individual Income Tax Return, for the years in issue.  He timely filed their 2008 and 2012 Forms 1040, but he untimely filed their 2009, 2010, and 2011 Forms 1040 on March 9, 2011, November 29, 2011, and February 19, 2013, respectively.  The 2010 and 2011 returns both reported tax due, which the Internal Revenue Service (IRS or respondent) assessed before the issuance of the notices of deficiency for those years.  On their Forms 1040 petitioners reported total gross income of $16,881, –$65,899, $54,649, $20,077, and $28,187 for the years in issue, respectively, which Mr. Bailey calculated by adding together any wages, Schedule C business income, capital gain, and taxable Social Security benefits, plus the distributive shares of Interradiology's income petitioners received during each year.  He offset this income in part with the standard deduction in 2010 and Schedule A itemized deductions in 2008, 2009, 2011, and 2012 which included mortgage interest expenses of $9,668, $8,920, $5,075, and $7,000, respectively.

On petitioners' Schedules C for the years in issue, Mr. Bailey reported gross profits of $47,650, $64,338, $98,322, $57,952, and $53,152, respectively, and offset those profits in part with business expense deductions, including rent he

**[\*6]** paid for the Broadway office. Those deductions, which respondent adjusted in whole or in part, are listed below:

| Expense | 2008 | 2009 | 2010 | 2011 | 2012 |
|---|---|---|---|---|---|
| Mortgage interest | $22,500 | $12,865 | [1]$24,437 | $7,500 | $28,129 |
| Car and truck | 8,176 | 8,046 | 5,026 | 8,520 | 5,550 |
| Depreciation[1] | --- | 18,526 | 1,763 | --- | --- |
| Legal and professional services | 1,609 | 9,345 | 16,926 | 6,931 | 6,300 |

[1] These amounts were claimed as "Other" interest on the Schedule C but petitioner alleged during examination that it was "mortgage" interest and respondent used the description "mortgage" interest in the notice of deficiency.

The IRS audited petitioners' Forms 1040 and Interradiology's Forms 1120S for the years in issue. Respondent issued notices of deficiency to petitioners for tax years 2008, 2009, and 2010 on December 20, 2013 (first notice), and for tax years 2011 and 2012 on February 9, 2015 (second notice). Respondent adjusted petitioners' distributive shares of Interradiology's income upward in the first notice by $25,102, $147,121, and $134,860, respectively, and in the second notice by $123,574 and $142,206, respectively. He reduced their Schedule C deductions in the first notice by $20,224, $48,782, and $48,152, respectively, and in the second notice for 2012 by $19,658. Some of the adjustments included

[*7] reclassifying petitioners' mortgage interest expense deductions as home mortgage interest expense deductions, so respondent also adjusted the corresponding Schedule A deductions. The record also includes Forms 1040X, Amended U.S. Individual Income Tax Return, for the years in issue, dated October 18, 2019, prepared by Mr. Bailey, and at some point signed by petitioners, which were provided to respondent's counsel before trial; these amended returns were not accepted for filing.[3]

III. Procedural Background

Petitioners timely filed a petition for the first notice on March 11, 2014, and the second notice on April 9, 2015. Beginning in August 2014 in docket No. 5477-14 and February 2016 in both cases, proceedings were supervised by a Judge of this Court, who ruled on a series of motions brought by petitioners, attempted to assist in resolution of the cases, and ordered regular status reports from the parties. By order served October 22, 2019, the cases were set for trial on December 16, 2019. In a status report filed by petitioners on October 28, 2019, Mr. Bailey requested that the Court delay the trial so that he had time to review a proposed

---

[3] Respondent stated in his pretrial memorandum that petitioners "provided several different versions of revised or amended returns for the tax years at issue, some of which were signed and some of which were not signed." The record does not state whether petitioners had signed any of the returns before the October 16, 2019, status report.

[*8] stipulation of settled issues sent to him by respondent and compare it with the fourth version of amended returns petitioners recently had sent to respondent.

On November 21, 2019, the parties filed a stipulation of settled issues, signed by petitioners on November 9, 2019, and respondent's counsel on November 21, 2019. Paragraph 1 of that stipulation stated that two of the substantive issues were resolved and that the remaining issues involve primarily substantiation of business expenses and itemized deductions, additions to tax, and penalties. That paragraph also noted that petitioners had raised new issues requesting additional deductions not originally claimed.

Paragraphs 2, 3, 4, and 5 set forth agreements regarding Interradiology's income and deductions for each of the years in issue and the amounts of Mr. Bailey's distributive share of Interradiology's income that petitioners are required to report for each of the years from 2008 through 2012. Paragraph 6 of the stipulation stated:

> The following table shows the amount of income from Interradiology, Inc., as reported by Petitioners on Schedule E, the correct amount that should have been reported, and the correct adjustments to Petitioners' Schedule E income for the tax years at issue:

| [*9] Year | Schedule E income or (loss) as originally reported by petitioners | Schedule E income or (loss) as corrected | Correct adjustment to schedule E income from Interradiology, Inc. |
|---|---|---|---|
| 2008 | --- | $25,102 | $25,102 |
| 2009 | ($83,182) | 63,939 | 147,121 |
| 2010 | (68,110) | 66,750 | 134,860 |
| 2011 | --- | 76,857 | 76,857 |
| 2012 | (33,001) | 76,204 | 109,205 |

Paragraphs 7, 8, 9, and 10 of the stipulation of settled issues set forth respondent's agreement that petitioners did not receive the capital gain relating to Interradiology that had been reported on their Forms 1040 for 2010 and 2012.

On December 3, 2019, respondent filed a motion for leave to file first amendment to answer, which sought to assert section 6651(a)(2) additions to tax for failure to timely pay tax shown on petitioners' Forms 1040 for 2010 and 2011. Respondent had assessed some of the section 6651(a)(2) additions to tax before issuing the notices of deficiency, but the additions continued to accrue on various dates to June 2015, when the maximum aggregate statutory amounts had reached 25% for each year, because petitioners did not pay their outstanding liabilities as reported on their original returns (aside from a small overpayment credit). Respondent argued that no prejudice would result to petitioners because their defenses, if any, to the late filing additions to tax under section 6651(a)(1) would

[*10] be similar, and petitioners' primary argument was that they did not owe the tax respondent had determined. Respondent did not explain why the motion was not brought until less than two weeks before the scheduled trial.

At trial on December 16, 2019, the parties filed their first stipulation of facts, signed by petitioners on November 9, 2019, and respondent's counsel on December 2, 2019. Paragraph 88 of the stipulation of facts repeated the parties' agreement set forth in paragraph 6 of the stipulation of settled issues. The stipulation of facts set forth in detail the time and manner of determination of the section 6662 penalty for each year and paragraphs 94, 108, and 121 stated the parties' agreement that respondent had satisfied the requirements of section 6751(b) for each penalty determined in the statutory notices.

OPINION

## I. Burden of Proof

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a)(1) provides that if, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Commissioner shall have the burden of proof with respect to that issue. See Higbee v. Commissioner, 116

**[\*11]** T.C. 438, 441-442 (2001). Petitioners have neither claimed nor shown that they have presented credible evidence sufficient to shift the burden of proof to respondent as to any relevant factual issue under section 7491(a).

During these proceedings petitioners either raised new deductions or recharacterized the amounts and the nature of the expenses for which they claimed deductions. Even though the newly alleged deductions were not directly addressed in the notices of deficiency, the Commissioner does not bear the burden of disproving deductions that a taxpayer belatedly claims. See Sham v. Commissioner, T.C. Memo. 2020-119, at \*38-\*39; Rappaport v. Commissioner, T.C. Memo. 2006-87, 2006 WL 1083434, at \*4. Petitioners therefore bear the burden of proof for any deductions they claimed in addition to those on their Forms 1040.

## II. Schedule E Income

During trial Mr. Bailey attempted to repudiate the terms of paragraph 6 of the stipulation of settled issues that petitioners had signed less than a month earlier and which were repeated in paragraph 88 of the stipulation of facts signed on the same date. He agreed that he received the income from Interradiology shown in the stipulation, but he vaguely protested that he did not earn that much income each year and objected to the total amount of the adjustment. He did not explain

**[*12]** why, if the amount in the stipulation was correct, the resulting adjustments to correct petitioners' returns were nonetheless incorrect.

Rule 91(e) provides:

A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by those parties. The Court will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except that it may do so where justice requires. A stipulation and the admissions therein shall be binding and have effect only in the pending case and not for any other purpose, and cannot be used against any of the parties thereto in any other case or proceeding.

Stipulations of settlement are usually enforced when a request to withdraw them is made close to trial. See Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 334-335 (1997) (holding that the Court upholds stipulated settlements "[a]bsent a showing of lack of formal consent, fraud, mistake, or some similar ground"), aff'd, 208 F.3d 205 (3d Cir. 2000); Stamm Int'l Corp. v. Commissioner, 90 T.C. 315, 321-322 (1988) (holding that more stringent standards are applied to requests to vacate a stipulated settlement on the eve of trial because they are akin to "vacating a judgment entered by consent"). Both stipulations were detailed, comprehensive, and unambiguous. They demonstrated that much had been accomplished during the years of examination before the notices of deficiency were sent and during the

**[*13]** years of negotiations between the filing of the petitions and the time of trial.

The preamble to the stipulation of facts states:

> It is hereby stipulated that for the purposes of this case, the following statements may be accepted as facts and all exhibits referred to herein and attached hereto may be accepted as authentic and are incorporated in this stipulation and made a part hereof; provided, however, that either party has the right to object to the admission of any such facts and exhibits in evidence on the grounds of materiality and relevancy, but not on other grounds unless expressly reserved herein. The parties do not necessarily agree to the truth of assertions within stipulated exhibits and such assertions may be rebutted or corroborated by additional evidence.

Because Mr. Bailey's testimony at trial suggested that he did not believe petitioners to be bound by the settlement of the Interradiology issues, the Court ordered after trial that petitioners explain their disagreement, if any, with the stipulation of settled issues, why justice now requires modifying the stipulation, and what evidence, if any, they would offer in support of their position. Petitioners' response reiterated that they disagreed with paragraph 6 because each Form 1040X showed that they had no Schedule E income from Interradiology and otherwise owed no tax nor were due a refund. They offered no explanation as to why the stipulation they signed on November 9, 2019, did not supersede the claims in their amended returns dated October 18, 2019, why they signed the stipulation if they disagreed with it, or why justice required relief from the

[*14] stipulation. We conclude that petitioners failed to show grounds for withdrawing the stipulation. Therefore, the stipulation of settled issues is binding, and the Interradiology issues will be determined in accordance with that document.

Moreover, even if petitioners had been allowed to contradict the stipulation at trial, Mr. Bailey provided no evidence that would support computing their distributive shares of income from Interradiology as set forth in their amended returns. As we explained repeatedly at trial, the amended returns were merely statements of petitioners' position and not evidence of the contents. See McLaine v. Commissioner, 138 T.C. 228, 245 (2012); Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974). Thus, petitioners have not established that the computations of Interradiology's income and their distributive shares set forth in the stipulation of settled issues were incorrect.

III. Deductions

As Mr. Bailey knows from decades of preparing tax returns for himself and others and representing taxpayers, including himself and his wife, before the IRS, taxpayers have the burden of proving entitlement to their claimed deductions. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Sparkman v.

[*15] Commissioner, 509 F.3d 1149, 1159 (9th Cir. 2007), aff'g T.C. Memo. 2005-136; Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133.  Taxpayers, therefore, are required to maintain sufficient records to establish the amount and purpose of any deduction.  Sec. 6001; Higbee v. Commissioner, 116 T.C. at 440; sec. 1.6001-1(a), (e), Income Tax Regs.  The failure to keep and present such records counts heavily against a taxpayer's attempted proof.  Rogers v. Commissioner, T.C. Memo. 2014-141, at *17.

We address each type of deduction in issue in turn.

A.  Mortgage Interest Expenses

Petitioners claimed both business and home mortgage interest expense deductions for the years in issue on both their Forms 1040 and Forms 1040X. Despite Mr. Bailey's experience as a C.P.A. and a tax return preparer, petitioners offered no evidence that the amounts they paid exceeded the amounts respondent allowed.  In fact respondent had increased petitioners' deductions for substantiated mortgage interest expenses during the examination when he allowed itemized deductions rather than the standard deduction claimed on petitioners' 2010 Form 1040.  Petitioners also offered no support for the increased amounts they claimed in their amended returns.  As we discussed above the amended returns were merely statements of petitioners' position and not evidence of the contents.  See

[*16] McLaine v. Commissioner, 138 T.C. at 245; Wilkinson v. Commissioner, 71 T.C. at 639; Roberts v. Commissioner, 62 T.C. at 837. Accordingly, petitioners are not entitled to any additional mortgage interest expense deductions.

## B. Vehicle Depreciation and Expenses

Petitioners claimed vehicle depreciation and expense deductions on their 2008, 2009, and 2010 Forms 1040 and increased their claimed depreciation expense deductions on their Forms 1040X. Automobiles are classified as three-year property for depreciation purposes. Rev. Proc. 87-56, 1987-2 C.B. 674. The period for which an asset depreciates begins when the taxpayer places the asset in service and ends when it is retired from service. Sec. 1.167(a)-11(e)(1)(i), Income Tax Regs.

Vehicle expenses are subject to the heightened substantiation requirements of section 274(d),[4] which require a taxpayer to substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense, (2) mileage for each business use of the vehicle as well as the total mileage for all purposes during the taxable period, (3) the time and place of the

---

[4] Sec. 274(d)(4) provides that no deduction shall be allowed without substantiation for "listed property (as defined in section 280F(d)(4))". Sec. 280F(d)(4) defines the term "listed property" to mean, in addition to other property, any passenger automobile or any other property used as a means of transportation.

**[\*17]** travel or use, and (4) the business purpose of the expense. Sec. 1.274-5(j)(2), Income Tax Regs.; sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985); see also Shea v. Commissioner, 112 T.C. 183, 186-188 (1999) (disallowing travel-related business expense deductions because the taxpayer failed to comply with the "stringent substantiation requirements of section 274"). To substantiate by adequate records, a taxpayer must provide an account book, a log, or similar record and documentary evidence which together are sufficient to establish each element with respect to an expenditure. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Petitioners purchased the vehicle for personal use in 1990. The record does not show that petitioners converted the vehicle to business use at any point. In addition Mr. Bailey presented no documentary evidence to support deductions for vehicle expenses in amounts greater than those previously allowed by respondent. He also admitted that he had not maintained a contemporaneous log of the vehicle expenses but had estimated the amounts. Accordingly, petitioners are not entitled to deduct any vehicle depreciation or additional vehicle expenses.

**[\*18]** C.  <u>Professional Fees</u>

Petitioners claimed deductions for professional fees on their 2009 and 2010 Forms 1040, which respondent disallowed in full, and increased their claims on their Forms 1040X for those years.  Respondent presented evidence that the legal fees reported related to an unsuccessful malpractice suit Mr. Bailey commenced against his attorney and an expert witness who had assisted him in an earlier unsuccessful Federal District Court case for a refund of income tax.  Even if payment of the legal fees was established, the legal fees would be personal and not deductible because the origin and character of the claim related to petitioners' personal income tax and a consequent claim against Mr. Bailey's representatives, not to his tax preparation business.  <u>See generally</u> <u>United States v. Gilmore</u>, 372 U.S. 39, 49 (1963).  Accordingly, petitioners are not entitled to deduct professional fees.

D.  <u>Home Office Expenses</u>

On their Forms 1040X, petitioners claimed new or increased home office expense deductions.  Respondent had previously allowed deductions for rents paid for Mr. Bailey's Broadway office for the years in issue and for home office deductions petitioners claimed on their Forms 1040 for 2011 and 2012.  He contended that petitioners were not entitled to the new or increased amounts.  We

[*19] agree.  Petitioners failed to provide any supporting documents for these new and increased deductions.

Furthermore, petitioners failed to show that they could avoid the application of section 280A(a), which bars deductions for a home used by the taxpayer as a residence during the taxable year.  To be entitled to a deduction they would have to establish that part of their home was used on a regular basis as the principal place of business for their trade or business or as a place of business used by clients or customers in meeting or dealing with them in the normal course of their trade or business (and allocate the expenses to that part of their home).  See sec. 280A(c)(1)(A) and (B).  They failed to do so and therefore are not entitled to any additional deductions for home office expenses.

E.  Conclusion

Upon consideration of the entire record, we find that petitioners have not proven entitlement to any deductions beyond those already allowed or conceded by respondent.

IV.  Additions to Tax and Penalties

Respondent has the burden of production with respect to the liability of any individual for penalties and additions to tax.  See sec. 7491(c).  In any event

**[\*20]** respondent has the burden of proving the increased amounts claimed in the amendment to the answer if we grant respondent's motion. Rule 142(a)(1).

Section 6651(a)(1) imposes an addition to tax for the late filing of a return. And section 6651(a)(2) imposes an addition to tax for late payment of the amount shown as tax on the return. The first stipulation of facts sets forth the due date and the filing date of petitioners' return for each year in issue, and the record includes the returns that petitioners filed. Thus respondent has met his burden of production with respect to late filing under section 6651(a)(1) for 2009, 2010, and 2011. See Wheeler v. Commissioner, 127 T.C. 200, 207-208 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Higbee v. Commissioner, 116 T.C. at 446-447. Petitioners did not address or dispute those additions to tax at trial and have neither contended nor shown that they had reasonable cause for filing late or not paying the tax due. Those additions to tax will be sustained.

Respondent "bears the overall burden of proof with respect to his increases in the additions to tax" for failure to pay tax shown on petitioners' original returns for 2010 and 2011 under section 6651(a)(2) that he asserts in the amendment to his answer. See Rader v. Commissioner, 143 T.C. 376, 389 (2014), aff'd in part, appeal dismissed in part, 616 F. App'x 391 (10th Cir. 2015); see also Rule 142(a); Wayne Bolt & Nut Co. v. Commissioner, 93 T.C. 500, 507 (1989) (holding that a

[*21] change in the Commissioner's position results in a "new matter" and shifts the burden of proof to him if the change either alters the original determination or "requires the presentation of different evidence" but not if it "merely clarifies or develops the original determination"). The Commissioner must prove the absence of exculpatory factors and reasonable cause to "justify the asserted increase in the * * * [addition to tax]". RERI Holdings I, LLC v. Commissioner, 149 T.C. 1, 39 (2017) (citing Rader v. Commissioner, 143 T.C. at 389), aff'd sub nom. Blau v. Commissioner, 924 F.3d 1261 (D.C. Cir. 2019). However, if "the existence of reasonable cause as a defense to both the * * * [addition to tax] initially determined and the increased * * * [addition to tax] 'is completely dependent upon the same evidence', there might be 'little practical reason to shift the burden of proof.'" Id. (quoting Shea v. Commissioner, 112 T.C. at 197 n.22).

Petitioners' filed returns satisfy respondent's burden of establishing that an amount of tax was shown on the return. See Wheeler v. Commissioner, 127 T.C. at 210. At trial respondent presented evidence from transcripts of petitioners' account supporting the accrual of late payment additions under section 6651(a)(2) for amounts reported on petitioners' original returns. Petitioners did not present any arguments or evidence as to why they had not yet paid these amounts. At trial Mr. Bailey agreed that petitioners' original returns showed amounts were owed

[*22] and also that the IRS would assess tax owed. He also testified that the IRS would "automatically calculate * * * [the tax owed and] if there's [sic] any penalty due." More generally, his defense against any penalties and additions to tax was that petitioners did not owe additional tax (although he did admit to an omission of $3,000). Although we do not wish to encourage motions to amend so near the trial date, we will grant respondent's motion in this instance for completeness of the issues before us and because "the complete absence of evidence of exculpatory factors" and petitioners' failure to present any reasonable arguments explaining their failure to pay the reported tax "supports a finding that respondent has satisfied his burden of proof to show that no such factors exist, thereby justifying his increases in the additions to tax." See Rader v. Commissioner, 143 T.C. at 391.

Section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of the portion of an underpayment of tax required to be shown on the return that is attributable to "[n]egligence or disregard of rules or regulations" and/or a "substantial understatement of income tax." Negligence includes "any failure to make a reasonable attempt to comply with the provisions of this title". Sec. 6662(c); see also Allen v. Commissioner, 92 T.C. 1, 12 (1989) (citing Neely v. Commissioner, 85 T.C. 934, 947 (1985), in stating we have defined negligence as

[*23] "the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances"), aff'd, 925 F.2d 348 (9th Cir. 1991).

Respondent's burden of production with respect to the section 6662 penalties is met in part by the stipulations that he satisfied the requirements of section 6751(b). For 2008 the penalty approved under section 6662(a) was an underpayment due to a substantial understatement of income tax. For 2009, 2010, 2011, and 2012, the penalties approved were for underpayments due to negligence.

Whether the understatement of income tax on petitioners' original return is substantial will be determined when petitioners' tax liability for 2008 is recomputed under Rule 155. For the other years petitioners' negligence is apparent from the improper reporting of Interradiology's income and Mr. Bailey's distributive share as set forth in paragraph 6 of the stipulation of settled issues.

Once the Commissioner has met the burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate because, for example, he acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448-449. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances.

**[*24]** <u>See</u> sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor in determining reasonable cause and good faith is the extent of the taxpayer's effort to assess his or her proper income tax liability.  <u>Id.</u>

Petitioners offered no evidence of reasonable cause or of the manner in which Mr. Bailey made erroneous entries on Interradiology's or petitioners' returns.  Accordingly, the section 6662 penalties will be sustained.

To reflect the concessions and our conclusions,

<u>Appropriate orders will be issued, and decisions will be entered under Rule 155</u>.