STANLEY J. KLIR, JR. AND MARILYN J. KLIR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klir v. Commissioner
Docket No. 784-78.
United States Tax Court
T.C. Memo 1979-259; 1979 Tax Ct. Memo LEXIS 265; 38 T.C.M. (CCH) 1028; T.C.M. (RIA) 79259; July 11, 1979, Filed Stanley J. Klir, Jr., pro se. Thomas G. Potts, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Year
Deficiency
1972
$1,419.81
1973
1,940.99
1974
2,962.27
The deficiencies arose from respondent's disallowance of claimed employee business expenses, rental losses, depreciation of rental property, a long-term capital loss, a farm losss loss of license premiums, and various itemized personal deductions. Most of the adjustments to income and disallowed deductions resulted from lack of verification or substantiation. At the trial of this case the petitioners declined to present any evidence relating specifically to the substantive issues. Instead, *266 petitioner Stanley J. Klir, Jr. chose to base the case on several constitutional and procedural arguments and allegations. These are set forth in the amended petition as follows: A. The Petitioners were not advised of their Constitutional rights under the Miranda Decision. B. The extension of Statute of Limitatins signed by Petitioner is null and void, since no rights were explained to Petitioners. C. The additional taxes will not be used for the general welfare, as required by the XVI Amendment to the Constitution; therefore illegal to collect. D. Article 1, Section 8 (1) of the United States Constitution States (all duties, imports, and excises shall be uniform throughout the United States). Petitioners additional taxes would not have been collected uniformly. E. Federal Reserve notes are not dollars as defined by the United States Constitution, these notes have a decreasing value; therefore Commissioner has no way of evaluating Petitioners' taxes. F. Petitioner is being denied his right of trial by jury under the VII Amendment of the Constitution. G. The government of the United States uses tax money for grants to special groups, individuals, countries *267 and business, which is morally wrong; therefore collection of additional taxes from Petitioner is wrong. H. The Petitioner was under duress and harassment when interviews were conducted by two revenue agents, leading to confusion of Petitioner. I. Petitioners' returns for 1972, 1973, and 1974 were correct as filed. Any records not substantiated were because the agent lost or destroyed them, when Petitioner turned them over to agent for examination. Agent retained records for over two months and did not return all of them to Petitioner. Petitioners resided in Argyle, Texas, when they filed their petition herein. They filed timely joint Federal income tax returns for the years 1972, 1973, and 1974. The statutory notice of deficiencies was mailed to them on November 4, 1977. Petitioner Stanley J. Klir, Jr. was a pilot for Braniff Airlines during the years in issue. Since the petitioners have presented no evidence with respect to the adjustments to income determined by respondent, they have failed to carry their burden of proving that such determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933). Therefore, we will address their constitutional *268 and procedural points seriatim. There is no merit to the argument that petitioners were not advised by the revenue agent of their constitutional rights under the Fifth and Sixth Amendments.The rule of Miranda v. Arizona,384 U.S. 436 (1966), is inapplicable to noncustodial interviews in civil tax cases. Harper v. Commssioner,54 T.C. 1121, 113--1139 (1970). Here the petitioners have not given the Court any reason to believe that a criminal investigation is either presently underway or even a remote possibility. Roberts v. Commssioner,62 T.C. 834 (1974); Rogers v. United States340 U.S. 367 (1951); Figueiredo v. Commissioner,54 T.C. 1508 (1970), affd. per order (9th Cir. 1973). The statute of limitations for the year 1972 has not expired because the petitioners voluntarily executed on December 31, 1975, an agreement in writing, pursuant to the provisions of section 6501(c) (4), [1] which extended the date for assessment until December 31, 1976. The date for assessment was further extended by them on October 27, 1976, when they executed a second agreement in writing which extended the date *269 for assessment until December 31, 1977. The statute of limitations for the year 1973 has not expired due to the fact that petitioners executed on October 27, 1976, an agreement in writing which extended the date for assessment until December 31, 1977. The notice of deficiencies was timely mailed to petitioners on November 4, 1977. Petitioners' main attack on the constitutionality of the Federal income tax statute is that as a graduated direct tax on income it was not within the intended scope of the Sixteenth Amendment to the Constitution. Although their apparent sincerity and devotion to principle cannot be gainsaid, their constitutional challenge to the Federal income tax must be rejected. The constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); Stanton v. Baltic Mining Co.,240 U.S. 103 (1916); *270 Cupp v. Commssioner,65 T.C. 68 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977). Furthermore, the Sixteenth Amendment was enacted in response to the Supreme Court's decision in Pollock v. Farmers' Loan & Trust Co.,157 U.S. 429 (1895), which held unconstitutional the income tax of 1894 as a direct tax without apportionment. The "whole purpose" of the Sixteenth Amendment, as stated by the Supreme Court in Brushaber v. Union Pac. R.R. Co.,supra at 18, was "to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived." Thus, since the ratification of the Sixteenth Amendment it is immaterial, within respect to income taxes, whether the tax is a direct or an indirect tax. This Court has consistently upheld the constitutional taxability of Federal Reserve notes as income and always at their face value -- not a discounted specie dollar value. We noted in Hatfield v. Commissioner,68 T.C. 895, 897 (1977): The courts have uniformly held that Federal Reserve notes constitute legal tender -- "money" -- which must be reported on *271 a taxpayer's return in accordance with his method of accounting; and they have uniformly rejected, in a summary fashion, all arguments to the contrary. * * * We adhere to our prior position. See also Sibla v. Commissioner,68 T.C. 422, 430-431 (1977); Gajewski v. Commisioner,67 T.C. 181, 193-194 (1976), affd. without opinion 578 F.2d 1383 (8th Cir. 1978); Hartman v. Commissioner,65 T.C. 542, 547 (1975); Cupp v. Commissioner,supra at 84. There is no right to a jury trial in the Tax Court, and the denial thereof does not violate the Seventh Amendment. Swanson v. Commisioner,65 T.C. 1180 (1976); Cupp v. Commissioner, supra; Bowser v. Commissioner,78-1 USTC P9102, 40 AFTR2d 77-5531 (3d Cir. 1977). Here the petitioners were afforded full opportunity to represent themselves at trial pursuant to Rule 24(b), Tax Court Rules of Practice and Procedure.
Petitioners' assertion that they should be relieved from paying additional taxes because the government uses its tax money to benefit "special groups, individuals, countries and business which is morally wrong" is also unsubstantial *272 and without merit. Finally, there is no proof in this record that the petitioners were coerced or harassed by the revenue agents, or that the agents lost or destroyed their records. In view of our rejection of petitioners' constitutional and procedural challenges and their complete failure to present evidence at trial, we have no alternative but to sustain respondent's determination in all respects. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue, unless otherwise indicated.↩