T.C. Memo. 2019-147

UNITED STATES TAX COURT

FRANCIS STEFFAN HAYES, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12037-17.                    Filed October 30, 2019.

Francis Steffan Hayes, pro se.

<u>Erik W. Nelson</u> and <u>Janice B. Geier</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

URDA, <u>Judge</u>:  Petitioner Francis Steffan Hayes published a newspaper,

"the American Voice", and ran an internet-based radio station, the American

Voice Radio Network, from 2005 through 2009.  Although these media ventures

put money in Mr. Hayes' pocket, he neither filed Federal income tax returns nor

paid Federal income tax.  The Internal Revenue Service (IRS) thereafter prepared

[*2] substitutes for returns on his behalf and issued a notice of deficiency determining tax deficiencies and additions to tax under sections 6651(a)(2) and (f) and 6654[1] as follows:

|  |  | Additions to tax | | |
| Year | Deficiency | Sec. 6651(a)(2) | Sec. 6651(f) | Sec. 6654 |
| 2005 | $6,541 | $1,635 | $4,742 | $262 |
| 2006 | 7,919 | 1,980 | 5,741 | 375 |
| 2007 | 13,889 | 3,472 | 10,070 | 632 |
| 2008 | 12,527 | 3,132 | 9,082 | 403 |
| 2009 | 11,593 | 2,898 | 8,405 | 278 |

The IRS determined as an alternative to the section 6651(f) additions to tax that Mr. Hayes was liable for additions to tax under section 6651(a)(1).[2]

In this Court Mr. Hayes plays variations on oft-rejected tax-defier themes. Mr. Hayes also argues that the substitutes for returns prepared on his behalf were

---

[1] Unless otherwise indicated, all section references are to the provisions of the Internal Revenue Code of 1986, as amended, in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2] As we will discuss, see infra pp. 7-8, respondent made a number of concessions in Mr. Hayes' favor before and during trial, including the concession of the sec. 6651(f) additions to tax.

[*3] invalid and that the additions to tax determined against him were baseless. We will sustain the IRS' determinations subject to certain concessions respondent has made.

FINDINGS OF FACT

A. Background

For the last 20 years Francis Steffan Hayes has worked in publishing and broadcasting in Eagle Point, Oregon.[3] Mr. Hayes founded a newspaper, "the American Voice", in 1998 and then launched his own internet-based radio station, the American Voice Radio Network, two years later. He was the sole person in charge of each, and neither was organized as an entity separate from himself. Mr. Hayes describes his media work as following in the footsteps of Thomas Jefferson by evincing skepticism towards Government and opposition to perceived Government criminality.

Mr. Hayes' media operations generated several income streams during 2005 through 2009. First, the people who broadcast programs on the American Voice Radio Network paid Mr. Hayes for airtime and production services. He also sold publications, program recordings, and other goods through the network's website. Mr. Hayes received money from radio and print advertising, as well as

---

[3]Mr. Hayes also lived in Oregon when he timely filed his petition.

[*4] subscriptions to his newspaper. And he accepted donations, which were solicited both in his newspaper and through the radio network.

B.    Failure To File Returns and IRS Examination

Mr. Hayes did not file Federal income tax returns for his 2004 through 2009 tax years. The IRS thereafter commenced an examination into whether Mr. Hayes was required to file Federal income tax returns and the proper amounts of his liabilities. He refused to cooperate with the IRS or provide any records.

The assigned IRS revenue agent accordingly performed a reconstruction of Mr. Hayes' income using the specific item method. Specifically, the IRS (1) summoned accounts in Mr. Hayes' name at Wells Fargo, PayPal, and e-gold (an investment website), (2) contacted customers and vendors to try to determine gross receipts, and (3) attempted to ascertain whether Mr. Hayes had received income that he had deposited elsewhere.

When performing the income reconstruction the revenue agent factored in multiple checks and money orders found in the accounts of James Lloyd and Allan Aisner, two of Mr. Hayes' friends. Most of these checks had been addressed to Mr. Hayes (or some version of "the American Voice" or the American Voice Radio Network) and later endorsed over to Messrs. Lloyd and Aisner. The

[*5] revenue agent treated these checks as income to Mr. Hayes because he had unfettered use of the funds when originally received.

On other checks, the payee line had been left blank, consistent with instructions featured on the American Voice Radio Network website. The revenue agent credited these checks to Mr. Hayes where the payments had come from entities with whom he regularly did business.

Finally, the revenue agent included certain otherwise unaccounted-for income items from customers of Mr. Hayes. For example, records subpoenaed from a customer named Jerry Gentry indicated that Mr. Gentry had sent a check to Mr. Hayes. The deposit of this check was not reflected in any of the accounts of Mr. Hayes to which the revenue agent had access, so she included the amount of that check separate and apart from the amounts in the bank accounts.

C.     Substitutes for Returns

On the basis of this analysis the revenue agent made determinations as to Mr. Hayes' gross income and deficiency amounts. To bring the audit to a close, however, she handed the baton to a second revenue agent, who prepared substitutes for returns for Mr. Hayes' 2005 through 2009 tax years. Each substitute for return was comprised of (i) a Form 13496, IRC Section 6020(b) Certification, (ii) a Form 4549-A, Income Tax Examination Changes, (iii) a

**[*6]** Form 5278, Statement--Income Tax Changes, (iv) a Form 886-A, Explanation of Items, and (v) a Workpaper 403, Filing Status Lead Sheet (Lead Sheets).

As most relevant here, the Forms 4549-A show taxable income during the years in issue ranging from a low of $18,744 (in 2005) to a high of $40,146 (in 2007). These amounts were derived from Mr. Hayes' gross receipts, identifiable business expenses, deductions, and credits for each year.

The Lead Sheets elaborate on the top-line conclusions set forth in the Forms 4549-A. In the discussion of gross receipts the Lead Sheets state that the reconstruction had failed to capture the full scope of Mr. Hayes' income. The Lead Sheets reflect that certain checks from one of Mr. Hayes' customers (received by the IRS in response to a subpoena) were not found to have been deposited in any of the accounts that the IRS had examined, which led it to believe that Mr. Hayes had other accounts into which he was depositing additional income (particularly from customers who paid him in cash).

Mr. Hayes' lack of cooperation hampered the IRS' ability to recognize his legitimate business expenses. The Lead Sheets indicate that the IRS reviewed Mr. Hayes' bank account records for 2005 through 2009 and attempted to identify (and give him credit for) business-related expenses. The Lead Sheets state, however,

**[*7]** that the withdrawal records for 2005 and 2006 contained no documentation that could support business expenses for those years.

D.     Notice of Deficiency and Proceedings in This Court

The IRS thereafter issued a notice of deficiency for Mr. Hayes' 2005 through 2009 tax years, which asserted the Federal income tax deficiencies and additions to tax noted above.

Mr. Hayes filed a timely petition for redetermination in this Court.  Before trial respondent conceded the section 6651(f) additions to tax.  This concession resulted in the application of the additions to tax under section 6651(a)(1) that had been asserted in the alternative.  More concessions followed at trial.  Specifically, respondent acknowledged that the income reconstruction included certain duplicative income amounts, which the original revenue agent had discovered in the run-up to trial.  After these concessions, recalculating the amounts at issue resulted in the following deficiencies and additions to tax:

[*8]

| Year | Deficiency | Additions to tax Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|------|-----------|-----------|-----------|-----------|
| 2005 | $6,509 | $1,627 | $1,627 | $261 |
| 2006 | 7,753 | 1,938 | 1,938 | 367 |
| 2007 | 7,836 | 1,959 | 1,959 | 357 |
| 2008 | 8,475 | 2,119 | 2,119 | 272 |
| 2009[1] | 7,293 | 1,723 | 1,723 | 175 |

[1]We note that in preparing its calculations for trial respondent failed to include a $400 "Making Work Pay Credit" that he had previously allowed for 2009. We expect that the computations in this case will reincorporate this credit, as respondent has not offered any explanation for removing it.

OPINION

In general, a taxpayer bears the burden of proof to show that the IRS' deficiency determination was arbitrary or erroneous, see Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933), which he must carry by a preponderance of the evidence, see, e.g., Merkel v. Commissioner, 192 F.3d 844, 852 (9th Cir. 1999), aff'g 109 T.C. 463 (1997). In cases involving failure to report income, the Court of Appeals for the Ninth Circuit, to which an appeal in this case would ordinarily lie, see sec. 7482(b)(1)(A), has held that the Commissioner must establish "some evidentiary foundation" linking the taxpayer to an alleged

**[\*9]** income-producing activity before the presumption of correctness attaches to the deficiency determination, Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977). Once the Commissioner has established such a foundation, the burden of proof shifts to the taxpayer to prove by a preponderance of the evidence that the IRS' determinations are arbitrary or erroneous. Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.

I.     Mr. Hayes' Income

Gross income generally includes all income from whatever source derived. Sec. 61(a). Taxpayers must keep adequate books and records from which their correct tax liabilities can be determined. Sec. 6001. When a taxpayer fails to keep records, the IRS has discretion to reconstruct the taxpayer's income by any reasonable means. Sec. 446(b); Webb v. Commissioner, 394 F.2d 366, 371-372 (5th Cir. 1968), aff'g T.C. Memo. 1966-81; Factor v. Commissioner, 281 F.2d 100, 117 (9th Cir. 1960), aff'g T.C. Memo. 1958-94.

In this case Mr. Hayes testified that he did not "keep records" and that he did not "have anything to go back on" regarding his earnings during the years in issue. The IRS thus employed the specific item method to reconstruct Mr. Hayes' income, pursuant to which a taxpayer's income is reconstructed on the basis of the

[*10] evidence showing specific amounts received by the taxpayer.  See White v. Commissioner, T.C. Memo. 2018-102, at *14-*15; see also United States v. Marabelles, 724 F.2d 1374, 1377 n.1 (9th Cir. 1984).

We find that respondent has established a sufficient evidentiary foundation to satisfy any threshold burden as relates to his determinations of Mr. Hayes' unreported income.  The IRS introduced reams of bank account statements, checks, and money orders showing that in the years in issue Mr. Hayes received income both directly and through the media ventures he alone controlled.  We draw further support from the testimony of the revenue agent who laid the groundwork for the IRS' reconstruction of Mr. Hayes' income.  The revenue agent persuasively testified as to Mr. Hayes' connections to various bank and investment accounts and convincingly explained why the IRS attributed the specific items of income to him.[4]  The evidence before us also shows that the IRS gave Mr. Hayes the benefit of identifiable business expenses (as well as various deductions and credits), lending credence to the IRS' analysis.  Respondent plainly met his initial burden in this case.

---

[4]For example, certain checks and money orders deposited into the bank accounts of Messrs. Lloyd and Aisner were treated as income to Mr. Hayes on the ground that he had unfettered use of these funds before transferring them to his friends.  We find this explanation convincing.

**[\*11]** The burden of proof accordingly shifts to Mr. Hayes to prove (by a preponderance of the evidence) that the IRS' determinations are arbitrary or erroneous.  Mr. Hayes, however, expressly admits to receiving income in each of the years in issue.  And although he disagreed at trial with some of the IRS' income calculations, he emphasized that he was "not quibbling about the amounts" and introduced no evidence showing any error by the IRS.  In short, Mr. Hayes fails to take up, much less carry, his burden of proof.

Mr. Hayes instead reserves his energy for laying out assorted tax-defier chestnuts about the scope of the Sixteenth Amendment, the purportedly unworkable definition of income under the Internal Revenue Code, and the effect of regulations relating to the Alcohol and Tobacco Tax and Trade Bureau on the administration of the income tax regime.  The shopworn arguments he offers in support of his position are incomplete, misleading, and misguided, and have been rejected more times than we care to count.  See, e.g., Wnuck v. Commissioner, 136 T.C. 498, 506-510 (2011); Hatfield v. Commissioner, 68 T.C. 895, 897 (1977); Klir v. Commissioner, T.C. Memo. 1979-259, 38 T.C.M. (CCH) 1028, 1030 (1979).  We will not dignify them with further analysis.  See, e.g., Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent;

**[\*12]** to do so might suggest that these arguments have some colorable merit.");

see also Wnuck v. Commissioner, 136 T.C. at 510-512 (explaining that addressing

frivolous arguments wastes time and resources and delays the assessment of tax).

In conclusion, we find that respondent met his initial burden to show

sufficient evidence that Mr. Hayes received income during the years in issue.

Rather than attempting to demonstrate that respondent's determinations were

arbitrary or wrong, Mr. Hayes advances meritless tax-defier arguments. We

accordingly sustain respondent's deficiency determinations.

## II. Substitutes for Returns

Mr. Hayes further contends that the substitutes for returns the IRS prepared

on his behalf were invalid. Mr. Hayes is flat wrong. Congress granted the IRS

authority to prepare substitutes for returns where taxpayers like Mr. Hayes fail to

comply with their obligation to file their required returns. Sec. 6020(b). "A

Form 13496, 'IRC Section 6020(b) Certification,' or any other form that an

authorized Internal Revenue Officer or employee signs and uses to identify a set of

documents containing the information set forth in this paragraph as a

section 6020(b) return, and the documents identified, constitute a return under

section 6020(b)." Sec. 301.6020-1(b)(2), Proced. & Admin. Regs.; see also Rader

v. Commissioner, 143 T.C. 376, 382 (2014), aff'd, 616 F. App'x 391 (10th

**[\*13]** Cir. 2015). The combination of documents assembled by the IRS for each year, including Form 13496, Form 4549-A, and Form 886-A, is "sufficient to constitute a valid * * * [substitute for return] under section 6020(b)." Rader v. Commissioner, 143 T.C. at 382; see also Gleason v. Commissioner, T.C. Memo. 2011-154, 101 T.C.M. (CCH) 1743, 1752 (2011).[5]

III.    Additions to Tax

A.    Introduction

The IRS determined that Mr. Hayes is liable for additions to tax pursuant to sections 6651(a)(1) and (2) and 6654. Respondent has the burden of production with respect to those additions to tax. See sec. 7491(c).[6] To meet that burden, the

_____

[5]Mr. Hayes also argues that respondent violated discovery rules by failing to comply with his informal discovery requests for certain internal IRS materials regarding his account, including the "Individual Master File". Respondent replies that he complied with the requests as fully as possible and that Mr. Hayes misunderstands the nature of the Individual Master File. We see no violation of our Rules. And this material is not relevant to our determination of the existence and amounts of Mr. Hayes' tax liabilities. See Wnuck v. Commissioner, 136 T.C. 498, 509-510 (2011); Davenport v. Commissioner, T.C. Memo. 2013-41, at *4-*5.

[6]The Commissioner's burden of production under sec. 7491(c) normally requires a showing of his compliance with the procedural requirements found in sec. 6751(b)(1). See Graev v. Commissioner, 149 T.C. 485, 492-493 (2017), supplementing and overruling in part 147 T.C. 460 (2016). Those procedural requirements, however, do not apply to the additions to tax under secs. 6651 and 6654 at issue in this case. See sec. 6751(b)(2)(A).

**[*14]** Commissioner must produce evidence showing that the additions to tax are appropriate. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner carries the burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer has an affirmative defense. See id. at 446-447.

B.      Respondent's Sections 6651(a)(1) and (2) and 6654 Determinations

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The addition is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent. Sec. 6651(a)(1).

Section 6651(a)(2) provides for an addition to tax for failure to timely pay "the amount shown as tax on any return specified in paragraph (1)" unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition is calculated as 0.5% of the amount shown as tax on the return but not paid, with an additional 0.5% for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25%.

[*15] Sec. 6651(a)(2). The amount of the addition to tax under section 6651(a)(2) reduces the addition to tax under section 6651(a)(1) for any month for which both additions to tax apply. See sec. 6651(c)(1). Pursuant to section 6651(g)(2), substitutes for returns prepared by the IRS under section 6020(b) are treated as taxpayer returns for purposes of determining the addition to tax under section 6651(a)(2).

Section 6654(a) and (b) provides for an addition to tax in the event of an underpayment of a required installment of individual estimated tax. Each required installment of estimated tax is equal to 25% of the "required annual payment", which, in turn, is equal to the lesser of (1) "90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year)" or (2) if the individual filed a return for the immediately preceding year, 100% of the tax shown on that return. Sec. 6654(d)(1)(A) and (B). Except in very limited circumstances not applicable herein, see sec. 6654(e)(3), section 6654 provides no exception for reasonable cause or lack of willful neglect.

It is undisputed that Mr. Hayes failed to (1) file returns, (2) discharge his tax liabilities, and (3) pay any estimated tax for the years pertinent to the additions to tax. Thus respondent has satisfied his burden of production under section 7491(c) with respect to his imposition of additions to tax under sections 6651(a)(1) and (2)

**[*16]** and 6654. Mr. Hayes offers only meritless arguments against the IRS' imposition of additions to tax and fails to show any hint of reasonable cause.

We will sustain respondent's determinations of additions to tax under sections 6651(a)(1) and (2) and 6654 for the appropriate years. Given respondent's concessions at trial regarding the proper amounts of Mr. Hayes' liabilities, however, Rule 155 computations are necessary.

Lastly, we draw Mr. Hayes' attention to section 6673, which authorizes us to impose a penalty of up to $25,000 where, among other things, a taxpayer's position is frivolous or groundless. We have chosen not to impose such a penalty against Mr. Hayes, who has no previous history of making frivolous arguments in this Court. He now does. We accordingly warn him that the section 6673 penalty looms should he advance similar tax-defier arguments in the future.

To reflect the foregoing,

Decision will be entered under

Rule 155.