T.C. Summary Opinion 2019-33

UNITED STATES TAX COURT

REED L. KLEINMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12809-18S.                          Filed October 31, 2019.

Reed L. Kleinman, pro se.

Michael T. Garrett and Matthew A. Houtsma, for respondent.

SUMMARY OPINION

URDA, Judge: This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]All other section references are to the Internal Revenue Code in effect for
the tax year in issue, and all Rule references are to the Tax Court Rules of Practice
and Procedure. We round all monetary amounts to the nearest dollar.

Under section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS) determined a deficiency in petitioner Reed Kleinman's 2015 Federal income tax of $10,518, as well as an accuracy-related penalty under section 6662(a), (b)(2), and (d) of $2,104. Mr. Kleinman does not challenge the third-party tax reporting upon which the IRS based its determinations but instead presses assorted tax-defier arguments. We will sustain the IRS' deficiency determination subject to respondent's concession of the accuracy-related penalty.

Background

The parties have submitted this case for decision without trial under Rule 122. All relevant facts have been stipulated or are otherwise included in the record. See Rule 122(a). Mr. Kleinman resided in Arizona when he timely petitioned this Court.

I. Mr. Kleinman's 2015 Earnings and Tax Reporting

In 2015 Mr. Kleinman worked for A-1 Restaurant Services, LLC (A-1), which paid him $58,712 in wages. He also received $634 in health savings account (HSA) distributions from Optum Bank. A-1 and Optum Bank reported these amounts on information returns filed with the IRS (respectively, a Form

W-2, Wage and Tax Statement, and a Form 1099-SA, Distributions From an HSA, Archer MSA, or Medicare Advantage MSA).

On February 1, 2016, Mr. Kleinman filed his 2015 Form 1040, U.S. Individual Income Tax Return, on which he claimed a refund of $739. Mr. Kleinman reported wages of $24,366, itemized deductions of $9,250, and exemptions of $8,000. His return reflected neither the wages reported by A-1 nor the HSA distributions reported by Optum Bank.[2]

II.    IRS Examination and Notice of Deficiency

The discrepancies between the tax reporting of Mr. Kleinman and that of A-1 and Optum Bank led to an IRS examination of Mr. Kleinman's 2015 tax return. In July 2017 the IRS sent Mr. Kleinman a notice asserting that he owed $13,314 in tax and interest for 2015. Mr. Kleinman refused to pay, stating in a letter dated August 18, 2017, that "[t]he language is very plain on the 4852 I sent with my 1040 for 2015. IRC 3401(a) and 3121(a) explain it."

On January 2, 2018, Mr. Kleinman sent another letter to the IRS, in which he stated that he "traded * * * [his] time for a wage." Mr. Kleinman asserted that

---

[2]Although Mr. Kleinman attached to his 2015 tax return a Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., he indicated on the form that he did not receive any wages from A-1.

his wages did not constitute income because "[i]ncome is where someone gains" and he "did not gain from * * * [his] employment."

On April 16, 2018, the IRS issued to Mr. Kleinman a notice for his 2015 tax year determining a deficiency of $10,518 and an accuracy-related penalty (for an underpayment attributable to a substantial understatement of income tax) of $2,104. In calculating the deficiency amount the notice added Mr. Kleinman's A-1 wages and HSA distributions to his gross income, determined a 20% additional tax pursuant to section 223(f)(4)(A) relating to his HSA distributions, and made corresponding computational adjustments.

Mr. Kleinman filed a timely petition for redetermination in this Court, after which respondent conceded the accuracy-related penalty. The parties subsequently moved to submit this case for decision without trial pursuant to Rule 122.

## Discussion

I.  Unreported Income

The IRS' determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Merkel v. Commissioner, 192 F.3d 844, 852 (9th Cir. 1999), aff'g 109 T.C. 463

(1997).  In cases involving failure to report income, the Court of Appeals for the Ninth Circuit, to which an appeal in this case would ordinarily lie, see sec. 7482(b)(1)(A), has held that the Commissioner must establish "some evidentiary foundation" linking the taxpayer to an alleged income-producing activity before the presumption of correctness attaches to the deficiency determination.  Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977).  Once the Commissioner has established such a foundation, the burden of proof shifts to the taxpayer to prove by a preponderance of the evidence that the IRS' determinations are arbitrary or erroneous.  Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.

The notice of deficiency in this case determined two adjustments involving unreported income from A-1 and Optum Bank.  The parties have stipulated that in 2015 Mr. Kleinman received $58,712 in wages from A-1 and $634 in HSA distributions from Optum Bank and have introduced supporting exhibits to that effect.  Both wages and HSA distributions (if not used exclusively to pay or reimburse for qualified medical expenses as defined in section 213(d)) are sources of taxable income.  See secs. 61(a), 223(f)(2).  On the basis of the evidence before us, we are satisfied that respondent has established a reasonable foundation connecting Mr. Kleinman with income-producing activities.  The burden of proof

thus shifts to Mr. Kleinman to show that the IRS' determinations were arbitrary or erroneous.

Mr. Kleinman has not satisfied his burden of proof. In his brief he does not challenge the wage amount reported by A-1 or oppose the IRS' determination that the HSA distributions that he received were of the taxable, rather than the tax-free, variety.[3] Instead he invokes (both in his petition and in his brief) numerous groundless arguments, including that he is "not a corporation" but "a natural born person," that he has never lived on Federal land, and that the income tax under the Sixteenth Amendment does not extend to "the common man who trades their time for a wage."

We have repeatedly rejected these and other similar tax-defier arguments. See, e.g., Wnuck v. Commissioner, 136 T.C. 498, 506-510 (2011); Hatfield v. Commissioner, 68 T.C. 895, 897 (1977); Klir v. Commissioner, T.C. Memo. 1979-259, 38 T.C.M. (CCH) 1028, 1030 (1979). We will not dignify them with further discussion. See, e.g., Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber

---

[3]Sec. 223(f) requires the inclusion in income of (and imposes a 20% additional tax upon) HSA distributions not used for qualified medical expenses or fitting one of the exceptions outlined in sec. 223(f)(4). Mr. Kleinman does not contend in this Court that these distributions were so used or that his circumstances in 2015 fit any of the statutory exceptions.

reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); Wnuck v. Commissioner, 136 T.C. at 510-512 (explaining that addressing frivolous arguments wastes time and resources and delays the assessment of tax).

In conclusion, the parties' stipulation that Mr. Kleinman received unreported wages and unreported HSA distributions in 2015 satisfies respondent's burden to establish an evidentiary foundation linking Mr. Kleinman to the asserted income-producing activities. For his part, Mr. Kleinman has chosen to repeat meritless arguments rather than attempt to show the IRS' determinations were arbitrary or erroneous. We sustain the IRS' deficiency determinations.

## II.   Section 6673 Penalty

Pursuant to section 6673(a)(1), we have the authority to impose a penalty of up to $25,000 on a taxpayer who, among other things, institutes or maintains before this Court a proceeding primarily for delay or pursues in this Court a position which is frivolous or groundless. We choose not to impose this penalty here because Mr. Kleinman has no previous history of making frivolous arguments. Mr. Kleinman should be aware, however, that if he advances groundless tax-defier arguments in the future, he risks expensive consequences.

To reflect the foregoing,

<u>Decision will be entered for respondent as to the deficiency and for petitioner as to the penalty</u>.